UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                              CRIMINAL ACTION

VERSUS                                                                    NO. 12-186

DAVID W. HOLLINGSWORTH                          SECTION: " C"

ORDER AND REASONS

This matter comes before the Court on motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence filed by David Hollingsworth. Rec. Doc. 37. Having considered the record, the memoranda of counsel and the law, the Court has determined that the motion should be DENIED for the following reasons.

I. BACKGROUND

Pursuant to a plea agreement, the petitioner pled guilty to one count of the indictment charging Receipt of Child Pornography in violation of 18 U.S.C. § 2252 (a)(2) and was sentenced to 60 months imprisonment. Rec. Doc. 22; Rec. Doc. 39. The petitioner unambiguously waived his appellate rights in the plea agreement. Rec. Doc. 22. Additionally, the petitioner did not file notice of appeal. This motion was filed on July 8, 2013. Rec. Doc. 37.

II. LEGAL STANDARD

*28 U.S.C. § 2255*

Under 28 U.S.C. § 2255, a federal prisoner "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255 (a). However, section 2255 claims are only cognizable under four grounds: (1) the sentence was imposed in violation

of the Constitution or laws of the United States; (2)  the court was without jurisdiction to impose

such a sentence; (3) the sentence is longer than the statutory maximum sentence (4) the sentence

is subject to collateral attack. *Id*.

The petitioner bears the burden of proving error by a preponderance of the evidence.

*Wright v. United States*, 624 F.2d 557, 558 (5th Cir.1980). For "trial" errors, the court is entitled

to grant relief only if the error "had substantial and injurious effect or influence" on the outcome

of the case. *United States v. Chavez*, 193 F.3d 375, 379 (5th Cir. 1999).

## III. DISCUSSION

In his § 2255 Motion, the petitioner states nine bases for relief. Rec. Doc. 37. First, the

petitioner asserts a number of ineffective assistance of counsel claims. *Id.* at 14-16. Second, the

petitioner claims that he did not knowingly and voluntarily waive his right to seek relief under

§ 2255. *Id.* at 16. Third, the petitioner challenges the constitutionality of the search of his

computer. *Id*. at 18.  Fourth, the petitioner claims that the terms of his supervised release violate

the Eighth Amendment. *Id*.  Fifth, the petitioner challenges the constitutionality of the statutory

mandatory minimum sentence that he received. Rec. Doc. 37 at 17. Sixth, the petitioner claims

that the prosecution violated separation of powers by charging him with *receipt* of child

pornography instead of *possession* of child pornography. *Id*. Seventh, the petitioner claims that

he was not adequately informed of the charge against him. *Id.* Eighth, the petitioner challenges

the restitution imposed. *Id*. Finally, the petitioner challenges the two-point enhancement for use

of a computer to commit the crime. *Id*.

**1.** *Ineffective Assistance of Counsel*

2

The United States Supreme Court established a two-pronged test for examining claims of ineffective assistance of counsel in *Strickland v. Washington*. 466 U.S. 668 (1984). A defendant seeking relief must show that his attorney's performance was deficient and that the deficient performance prejudiced his defense. *Id.* at 697. For the deficiency prong, the defendant must demonstrate that counsel's conduct failed to meet the constitutional minimum guaranteed by the Sixth Amendment. *Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir.2001). Counsel's representation does not meet this standard if "it falls below an objective standard of reasonableness." *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir.1998). This analysis must take into account the reasonableness of counsel's actions in light of all the circumstances. *Strickland*, 466 U.S. at 689. The defendant must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation. *Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir.1986).

The defendant bears the burden of proof in a claim of ineffective assistance of counsel. *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir.1993). The defendant "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective." *Id.* If a court finds that a defendant has made an insufficient showing as to either of the two prongs of inquiry, i.e. deficient performance or actual prejudice, it may dispose of the claim without addressing the other prong. *Strickland*, 466 U.S. at 697.

The petitioner has not met his burden of proof under either prong of the *Strickland* test. During his rearraignment, he stated under oath that he was satisfied with his representation. Rec. Doc. 40 at 8.The petitioner stated that he was satisfied with his legal representation again during his sentencing hearing. Rec. Doc. 39. at 6.  A defendant's statements in open court "carry a

strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  Accordingly, the petitioner has failed to show that he was prejudiced by counsel's performance or that counsel's performance was unreasonable.

## 2. Knowing and Voluntary Waiver of § 2255 Relief

A defendant may waive his right to post-conviction relief under § 2255 if the waiver is "knowing and voluntary." *United States v. White*, 307 F. 3d 336, 341 (5th Cir.2002). A waiver is knowing and voluntary if the defendant knew that he had a right to collateral review and that he was giving up that right. *United States v. Portillo*, 18 F. 3d 290, 292 (1994). "The defendant need only understand the direct consequences of the plea, he need not be made aware [of] every consequence that, absent a plea of guilty, would not otherwise occur." *United States v. Hernandez*, 234 F. 3d 252, 254 (5th Cir.2000). For a plea to be knowing and voluntary for purposes of sentencing, a defendant must only know the maximum prison sentence and fine for the offense charged. *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir.1990). A claim of ineffective assistance of counsel may survive a waiver of post-conviction relief. *White*, 307 F. 3d at 342. However, as discussed *supra*, the petitioner has not met his burden of proving ineffective assistance of counsel.

The record shows that the petitioner knowingly and voluntarily agreed to waive his right to challenge his sentence in a § 2255 action. The petitioner signed a plea agreement that contained a term that he "[w]aives and gives up his right to challenge his sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241..." Rec. Doc. 22 at 2. At his rearraignment proceeding, the petitioner confirmed that he read the plea agreement and discussed the contents of the agreement with his

4

attorney. Rec. Doc. 40 at 9. The petitioner also confirmed his signature on the plea agreement. *Id*. at 10.  The record clearly demonstrates that petitioner waived his right to collateral review knowingly and voluntarily. Due to this waiver, the claims asserted in this § 2255 motion are barred.

**3. Constitutionality of the Search**

The petitioner raises various claims about the constitutionality of the search of his computer. Rec. Doc. 37 at 18. The Court will not consider these claims because they are procedurally barred from being addressed in a § 2255 motion. The Supreme Court and the Fifth Circuit have emphasized repeatedly that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir.1991), *citing United States v. Frady*, 456 U.S. 152, 165 (1982).  After a conviction is presumed final, a defendant can challenge his conviction only on issues of constitutional or jurisdictional magnitude. *Shaid*, 937 F.2d at 232. Additionally, a defendant "may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and, 'actual prejudice' resulting from the error." *Shaid*, 937 F.2d at 232, citing *Frady*, 456 U.S. at 166. The petitioner has not shown cause, prejudice or actual innocence, therefore his claims regarding the constitutionality of the search are procedurally barred and the merits of those claims will not be heard.

**4. Terms of Supervised Release**

The petitioner argues that several terms of his supervised release violate the Eighth Amendment. Rec. Doc. 37 at 18.  The Eighth Amendment forbids barbaric and grossly disproportionate sentences. *United States v. Whitworth*, 856 F.2d 1268, 1289 (9th Cir.1988), *cert. denied*, 489 U.S. 1084 (1989). Due to the deference accorded to Congress's authority to

determine the types and limits of punishments,  Eighth Amendment challenges to the proportionality of a noncapital sentence are rarely successful. *United States v. Raad*, 406 F.3d 1322, 1323 (11th Cir.2005) (per curiam). The burden is on the defendant to show that the sentence the district court imposed is disproportionate to the offense committed. *Id*. at 1324. The petitioner has not explained why any of the terms of his supervised release are unconstitutionally disproportionate to his crime. Therefore, this claim lacks merit.

**5. Constitutionality of the Statutory Mandatory Minimum Sentence**

The petitioner asserts that the statutory mandatory minimum sentence to which he was sentenced is unconstitutional under *United States v. Booker*. Rec. Doc. 37 at 17; *United States v. Booker*,  543 U.S. 220 (2005). However, the holding in *Booker* concerns Federal Sentencing Guidelines, not statutory mandatory minimum sentences. *Id*. at 226. The statutory mandatory minimum sentence to which the petitioner was sentenced is constitutionally valid. Therefore, this claim also lacks merit.

**6. Separation of  Powers**

The petitioner argues that the prosecution violated separation of powers by charging him with *receipt* of child pornography instead of *possession* of child pornography. Rec. Doc. 37 at 17.

 The statutory minimum for receipt of child pornography is five years under 18 U.S.C. § 2252 (b)(1). There is no statutory minimum for possession of child pornography. 18 U.S.C. § 2252 (a)(4)(b). The petitioner asserts that the prosecution violated the separation of powers between the executive and judiciary branches by charging him with the crime that carries a heavier sentence instead of the crime with the lighter sentence. However, the decision of how to

prosecute an individual "is within the United States Attorney's substantial discretion and is generally not subject to judicial review absent a showing of actual vindictiveness or an equal protection violation." *United States v. Ballard*, 779 F.2d 287, 295 (5th Cir.1986). "In keeping with the need to avoid judicial second-guessing of prosecutorial decisions, we have never held that similarly situated defendants must be treated identically. We allow the government discretion to decide which individuals to prosecute, which offenses to charge, and what measure of punishment to seek." *United States v. Lawrence*, 179 F.3d 343, 348 (5th Circ.1999). Accordingly, the prosecution did not violate separation of powers.

### 7. Adequately Informed of the Charge Against Him

The petitioner argues that he was not adequately informed of the charge again him as required under Federal Rule of Criminal Procedure 11(b)(1).  Rec. Doc. 37 at 17. A district court is required by Rule 11 to inform the defendant of the nature of the charges against him. Fed.R.Crim.P. 11(b)(1)(G). To seek reversal under Rule 11, a defendant must demonstrate "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).This analysis has two questions: "(1) Did the sentencing court in fact vary from the procedures required by Rule 11, and (2) if so, did such variance affect substantial rights of the defendant?" *United States v. Johnson*, 1 F.3d 296, 298 (5th Cir.1993).

The Court did not vary from the procedures required by Rule 11. The petitioner was informed of the charge against him, the elements of the charge and the consequences of pleading guilty to that charge in his plea agreement and at his rearraignment. Rec. Doc. 22 at 1; Rec. Doc. 40 at 7. It is clear from his rearraignment testimony that the petitioner understood the elements

of the charge of receipt of child pornography. Rec. Doc. 40 at 7. The petitioner disputes being charged with possession instead of receipt of child pornography, but this does not demonstrate that the petitioner does not understand the charge against him. Rec. Doc. 37 at 17. As discussed *supra*, the decision of what crime to charge an individual with rests with the prosecution and a challenge to a matter within prosecutorial discretion is not cognizable in a § 2255 proceeding. Accordingly, this challenge lacks merit.

**8. Challenge to the Restitution Imposed**

The petitioner challenges the restitution imposed. Rec. Doc. 37 at 17.  It is clear precedent that "complaints concerning restitution may not be addressed in § 2255 proceedings." *United States v. Hatten*, 167 F.3d 884, 887 (5th Cir.1999). Therefore, this challenge is not cognizable.

**9. Challenge to Enhancement**

The petitioner challenges the two- point enhancement to his sentence that resulted from the use of a computer in the commission of his crimes. Rec. Doc. 37 at 17. Fifth Circuit precedent dictates that challenges to sentencing enhancements are not cognizable under § 2255 because they are nonconstitutional issues that should have been raised on direct appeal. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir.1981). This challenge lacks merit.

**IV. CONCLUSION**

All of the petitioner's claims are barred or without merit. Accordingly, it is recommended that the petitioner's application for habeas corpus relief be DENIED.

IT IS ORDERED that the motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence filed by David Hollingsworth is DENIED.

New Orleans, Louisiana, this __24___ day of ___February_____, 2014.

_____

UNITED STATES DISTRICT JUDGE